IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nancy A. Compton, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| Vs. | ) |
| | ) Case Number 17 CV 7575 |
| State of Illinois and | ) |
| Dupage County Health Department | ) |
| And | ) |
| Illinois Department of Human Services | ) |
| And | ) |
| Susana A. Mendoza, Comptroller for | ) |
| The State of Illinois | ) |
| | ) |
|     Defendants | ) |

COMPLAINT

NOW COMES, Plaintiff, Nancy A. Compton (hereinafter referred to as "Plaintiff"), individually, by and through her counsel, John C. Ireland, brings this Complaint against the Defendants State of Illinois and DuPage County Health Department and Illinois Department of Human Services and Leslie Geissler Munger, (hereinafter collectively referred to as "Defendants") and alleges, upon personal belief as to herself and her own acts, and as for all other matters upon information and belief, as follows:

SUMMARY OF THE CASE

1. Plaintiff, Nancy A. Compton, brings this action for unpaid wages, including minimum and overtime compensation, as well as liquidated damages, reasonable attorneys' fees and costs, and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter FLSA),, and the Illinois Minimum Wage Law 820 ILCS §§ 105 *etseq.* (hereinafter IMWL)  and Common Law Breach of Contract.

2. From approximately January of 2016 to the date of the filing of this Complaint, Plaintiff has worked for the Defendants in providing home based support services for individuals with medical needs, allowing those persons to remain in their homes, and to "receive trans services to and from program sites and maintain the individual in their home". (see Plaintiffs pay statement dated 11/10/15 attached to this Complaint as Exhibit 2). Plaintiff's job title was and is "Respite Worker"

3. Plaintiff was not exempt from the minimum wage or overtime requirements of the FLSA or the IMWL while employed with Defendants.

4. Plaintiff worked approximately 10-20 hours per week and reported those weeks of work and hours of work to her supervisor and/or via reporting services.

5. Plaintiff's rate of pay was $20.00 per hour (see Ex. 2).

6. Plaintiff received no payments whatsoever for those hours of work.

7. Thus for the first week of work in 2017, Plaintiff received no pay, but Plaintiff worked approximately 20 hours.

8. Thus for the second week of work in 2017, Plaintiff received no pay, but Plaintiff worked approximately 20 hours.

9. Thus for the third week of work in 2017, Plaintiff received no pay, but Plaintiff worked approximately 20 hours.

10. Thus Plaintiff was not paid ANY wage, a violation of the Federal and State Minimum Wage laws and thereby breaching Plaintiff's Contract for Wages with Defendants.

11. From approximately January 2016 to present, Plaintiff did not receive any minimum wages in violation of the FLSA and the IMWL.

14. Although Plaintiff continued to perform her required duties as usual, Plaintiff did not receive any pay for her work during the entire month of January 2017 while working 10-20 hours each and every week.

15. Plaintiff has repeatedly demanded, sought, inquired and requested payment of the outstanding wages from a number of persons, both via phone calls to various persons working in the state payroll department and other responsible persons to no avail, other than vague unfulfilled promises of payment.

16. For example Plaintiff communicated six months of work hours from 2016 to her immediate supervisor, Amy Allison. The supervisor subsequently stopped working for Defendants and upon information and belief, the supervisor, despite having knowledge of the work hours and Plaintiffs lack of payment, did not enter those hours into the payroll system,

for unknown reasons.

17. Subsequently in June of 2017 to providing six months of hours to her supervisor, Plaintiff had a direct discussion with Sarah Miller, and Ms. Miller stated that she and the "Director" were going to "get me some money.".

18. Upon information and belief, Plaintiff pleads that the Director was, via communication from Ms. Miller, aware of Plaintiff's owed wages and/or work hours.

19. Plaintiff estimates that she is owed approximately $20,000.00 in owed wages, however, this gross estimation does not include ANY penalties, interest or fees, thus the amount at issue is far more than is estimated by Plaintiff without inclusion of these added remedies.

20. Plaintiff was not a volunteer, rather was promised, expected and received compensation for services rendered. See 29 C.F.R. §553.104(a). Plaintiff completed all related papers to be an employee such as a W-2 and, received W-4 for several years.

21. Plaintiff was promised and had a written and/or oral contract with Defendants to pay her wages, in accord with the agreed to rate of pay of $20.00 per hour.

22. Defendants failed to pay Plaintiff for all the time she was suffered or permitted to work, as well as all the compensation owed to her by agreement, in violation of the FLSA and IMWL. As a result of Defendants' unlawful practice, Plaintiff suffered a loss of wages.

23. Defendants' conduct as described above was willful and not in good faith.

## PARTIES. VENUE, AND JURISDICTION

24. At all relevant times, Plaintiff Nancy Compton was a resident of Illinois and worked as a non-exempt employee for Defendants which are /whom are located in the State of Illinois.

25. At all times relevant hereto, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e),, 820 ILCS § 115/2, and the IMWL, 820 ILCS § 105/3(d).

26. At all relevant times, Plaintiff resided in this judicial district.

27. At all relevant times, Defendants, did business in this judicial district.

**DEFENDANTS NAMED FROM PAYROLL RECORDS/STATEMENTS**

28. Plaintiff has received a number of different pay checks, all based on the same work and job. (see Ex 2) and issued by several different entities.

29. Based on entities listed on these paychecks, Plaintiff is not entirely sure who is the legal employer of her, as shown by the various entities listed on her wage statements/paychecks. (see Ex 2). Given the lack of ability to Toll her claims in any other manner, Plaintiff files this complaint in desperation and hopes of payment of owed wages.

30. Plaintiff names the State of Illinois, as Defendant in this action, as found on Plaintiff's paycheck dated 11/10/15/. (Ex 2)

31. Plaintiff names the Illinois Deportment of Human Services, as Defendant, as found on Plaintiff paycheck/statement "run date" of 8/27/15. (Ex 2)

32. Plaintiff names the DuPage County Health Department, as Defendant, as found on Plaintiff paycheck/statement "run date" of 8/27/15. (Ex 2)

33. Should one of these Defendants agree that they are the proper employer, Plaintiff will agree to Dismiss the non-employers, if any.

34. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." *Id.*

35. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

36. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

37. Venue is pursuant to 28 U.S.C. § 1391, as the unlawful practices complained of herein occurred within this judicial district.

38. Plaintiff filed with this Complaint an FLSA Consent to Sue. (see Plaintiff's FLSA Consent attached to this Complaint as Exhibit 1)

**IMMUNITY IS WAIVED**

39. Defendants are not immune to Plaintiff's claims. *See* 745 111 Comp. Stat. 5/1.5 ("An employee of the State who is aggrieved by any conduct... of the State that would constitute a violation of [FLSA],

if committed by an employer covered by that Act may bring an action under [FLSA] against the State in State circuit court or federal court."). "Because the state has statutorily waived its immunity defense to FLSA claims, immunity is not a basis for dismissing plaintiffs FLSA claims." **Hill v. Watson et al**, 13 C 6106, (ND Ill. Jd. Guzman 2/4/14).

## COUNT I

### FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 *et seq.*

### AGAINST ALL DEFENDANTS

40. Plaintiff repeats and re-alleges the paragraphs found in this complaint as though fully set forth herein.

41. From approximately January 2016 to present, Defendants, routinely and regularly failed to pay Plaintiff the applicable minimum wage, or any wages whatsoever, in violation of 29 U.S.C. § 206(a).

42. At all times relevant, the conduct of Defendants in not paying minimum wages to Plaintiff was willful in that among other things, Defendants, knew that they were legally required to pay employees the applicable minimum wage

43. Defendants are liable to Plaintiff for actual damages, liquidated damages, reasonable attorneys' fees and costs and equitable relief, pursuant to 29 U.S.C. § 216(b).

## COUNT II

**ILLINOIS MINIMUM WAGE LAW, 820 ILCS §§105 *etseq.* AGAINST ALL DEFENDANTS**

44. Plaintiff repeats and re-alleges all paragraphs in this complaint as though fully set forth herein.

45. The IMWL, 820 ILCS §§ 105 *et seq.,* requires employers to pay employees the applicable minimum wage for all hours worked. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of *2%* of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief. 820 ILCS § 105/12.

46. From approximately January 2016 to present Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, or any wages whatsoever, in violation of the IMWL, 820 ILCS §§ 105 *etseq.*

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer lost wages and other damage.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, by and through her attorneys, demand judgment against the Defendants, and in favor of the Plaintiff, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of his damages and as follows:

- A. Declare and find that the Defendants committed one or more of the following acts:
  - I. Defendants violated the minimum wage provisions of the FLSA (Count I) by failing to pay minimum wages to Plaintiff;
  - II. ii. Defendants violated the violated the minimum wage provisions of the IMWL (Count III) by failing to pay minimum wages to Plaintiff; \
  - III. ii. All Defendants willfully violated the FLSA by failing to pay regular wages owed to Plaintiff;

- B. **Defendants violated provisions of the IMWL by failing to pay regular wages owed to Plaintiff; and,**
- C. **Award all unpaid wages, including overtime and minimum wages, in an amount according to proof**
- D. **Award liquidated damages;**
- E. **Award 2% per month interest on all unpaid compensation due accruing from the date such amounts were due until it is paid under IWML;**
- F. **Award all costs and reasonable attorneys' fees incurred prosecuting this claim;**
- G. **Grant leave to amend to add claims under applicable federal and state law; and,**
- H. **For such further relief as the Court deems just and equitable**

## COUNT III

### Breach of Contract

48. Plaintiff repeats and re-alleges all paragraphs in this complaint as though fully set forth herein.

49. Plaintiff and Defendants had an Contract for employment, written (via paychecks) and oral, via promises, and that Contract was to pay the Plaintiff $20.00 per hour for all hours of work.

50. Plaintiff provided consideration in form of her labor.

51. Defendants offered, and Plaintiff accepted those terms.

52. Plaintiff performed the services for Defendants

53. Defendants breached that contract causing Plaintiff harm, and damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by and through her attorneys, demand judgment against the Defendants, and in favor of the Plaintiff, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of his damages and as follows:

- A. Payment to Plaintiff in the amount agreed to as per the parties Contract.
- B. **Payment of interest, pre and post judgement**
- C. **Consequential damages**
- D. **Other relief that is just and right.**

**Dated: October 20, 2013**                               **Respectfully submitted,**


                                                          **/s/ John C. Ireland** _____
                                                          **Attorney for Plaintiff**

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Fax 630-206-0889